UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES RUSH,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION,<br><br>    Defendant. | Case No. 1:22-cv-000391-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff James Rush was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 1, 2, 3.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff must file an amended complaint if he desires to proceed.

## REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff asserts that, on March 16, 2022, Idaho Department of Correction (IDOC) officials placed him at risk of harm when they allowed a civilian female to enter and remain on the prison transport bus. He seeks one million dollars in damages.

2. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a

complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints before they are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. An Eighth Amendment claim has two components. The first is an objective showing: Plaintiff must allege facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing: that Defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." *Id.* at 837. To satisfy the subjective component, a prisoner must show that a prison official was aware of and recklessly disregarded an excessive risk to an inmate's health or safety, which means drawing the inference from the factual circumstances that a substantial risk of harm exists, and yet ignoring it. *Id.* at 838.

Importantly, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

3. **Discussion of Defendant IDOC**

The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the IDOC, which is a state entity, cannot be sued in federal court unless Plaintiff can show that the state of Idaho has waived its sovereign immunity. *See Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not proceed against the IDOC.

Instead, Plaintiff must determine which state official or employee permitted the civilian to enter and remain on the transport bus. That person likely is the "state actor" who allegedly put Plaintiff in danger of harm.

Other defendants who may have been involved in the decisionmaking may be proper defendants. In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably

should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

Plaintiff may be able to determine the proper defendant(s) by reviewing the grievance responses he filed to report the dangerous situation to prison officials. Plaintiff may file a motion to amend his complaint, with a proposed amended complaint naming a proper defendant(s).

In addition, the amended complaint must contain more detailed allegations about why the civilian posed a substantial risk of serious harm to Plaintiff, and/or how he suffered an injury, as a result. As noted above, Plaintiff must provide facts showing that the defendant (the person who authorized the transport) drew the inference that permitting the civilian to ride the transport bus with prisoners was a substantial risk of serious harm to the prisoners, and, yet, the person decided to ignore that risk and authorize the transport anyway.

### 4. Conclusion and Instructions for Amendment

Plaintiff's Complaint is subject to dismissal on sovereign immunity grounds and for failure to state a claim upon which relief can be granted (not stating facts meeting the objective and subjective components of an Eighth Amendment claim). He will be granted leave to amend, but he must name a proper defendant, not the IDOC.

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal

connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met (the objective and subjective components of the Eighth Amendment claim); (7) the injury or damages Plaintiff personally suffered or the substantial risk of serious harm that Plaintiff was exposed to; and (8) the particular type of relief he is seeking

from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

### 5. Request for Appointment of Counsel

Plaintiff asks the Court to appoint counsel to represent him in this matter. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. Presently, Plaintiff has not stated sufficient facts to show a substantial risk of serious harm from the official action alleged. The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious.

## ORDER

**IT IS ORDERED:**

1. The Complaint is DISMISSED without prejudice and with leave to amend for the reasons set forth above.

2. Plaintiff must file an amended complaint and motion to amend within **30 days** after entry of this Order. If he does not, then the Court will enter a

judgment and close this case.

3. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice.

DATED: March 13, 2023

David C. Nye
Chief U.S. District Court Judge